UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and EMPIRE GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00530-NONE-JLT<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY WITHOUT PREJUDICE<br><br>(Doc. 13) |

On June 22, 2020, Defendants filed a motion to dismiss (Doc. 12), and at the same time, Defendants filed a motion to stay discovery pending the Court's resolution of the motion to dismiss (Doc. 13). Plaintiff opposes the stay. (*See* Doc. 24 at 10-18.) For the reasons set forth below, Defendants' request for a stay is **DENIED** as premature.

**I.     Relevant Background**

Plaintiff filed this lawsuit on April 13, 2020, asserting six claims for relief against the Defendants, which derive from a lapsed insurance policy on the life of Plaintiff's late husband, Danny Allen. (*See generally* Doc. 1). Plaintiff seeks to collect the death proceeds under the insurance policy as the beneficiary, among other damages. (*Id.*). Plaintiff also purports to be the representative of a class of individuals whose policies lapsed because of Defendants' alleged non-compliance with California Insurance Code Sections 10113.71 and 10113.72. (*Id.* at ¶¶ 37-51).

1

On May 4, 2020, the Court granted the parties' joint stipulation and provided Defendants additional time to respond to the complaint to June 22, 2020. (Doc. 9).

On May 6, 2020, Plaintiff served "Plaintiff Beverly Allen's Requests for Production of Documents to Defendant Protective Life Insurance Company," requesting various documents regarding the insurance policy, Protective's general insurance administration procedures, Protective's implementation and interpretation of California Insurance Code Sections 10113.71 and 10113.72, and other insureds within the purported class. (Doc. 24-1, Decl. of Nicholas J. Boos, at ¶ 2 and Exh. A).

On June 22, 2020, Defendants filed a motion to dismiss. (Doc. 12). At the same time, Defendants filed a motion to stay discovery pending the Court's resolution of the motion to dismiss. (Doc. 13). According to Defendants, a stay of discovery is warranted because their motion to dismiss raises dispositive, threshold challenges to Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) necessitating dismissal of the entire lawsuit: (1) Plaintiff lacks standing to prosecute the complaint because the asserted claims belong exclusively to her Chapter 7 bankruptcy estate; and (2) Plaintiff is estopped from pursuing the asserted claims because of her repeated representations to the bankruptcy court that the claims, and the insurance policy upon which they are based, do not exist. (*See generally* Docs. 12, 12-1). Plaintiff disputes that a stay is warranted pending the Court's ruling on these issues.

In light of the pending motion to dismiss, the scheduling conference was continued to November 16, 2020. (Doc. 22.) On August 18, 2020, Plaintiff filed an opposition to the motion to dismiss. (Doc. 23.) The parties filed a joint statement regarding the motion to stay on August 24, 2020. (Doc. 24.)

**II.     Legal Standards**

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id*. (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district

2

court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

### III. Discussion and Analysis

Defendants argue that moving forward with discovery would be inefficient and inappropriate until the threshold issue of standing has been resolved. (Doc. 24 at 4.) Defendants further contend that resolution of either standing or judicial estoppel in Defendants' favor would result in this case being dismissed in its entirety and render Plaintiff's discovery requests moot. (Doc. 24 at 4, 6.)

Additionally, Defendants assert that the Allens' bankruptcy court filings illustrating their

nondisclosure of the insurance policy and Plaintiff's alleged right to the policy proceeds are properly the subject of judicial notice, and thus, no additional discovery is necessary to decide either standing or judicial estoppel, and no additional discovery in this case would help Plaintiff oppose Defendants' motion to dismiss. (Doc. 24 at 6-7.) Defendants note that three weeks after the filing of Defendants' motion to dismiss, Plaintiff filed an amended schedule of assets on July 16, 2020, disclosing the subject insurance policy and her claims against Defendants to the bankruptcy court. (Doc. 24 at 7.) However, Defendants argue that this attempt to amend her bankruptcy schedules does not remedy Plaintiff's standing defect. (Doc. 24 at 7.)

Furthermore, Defendants argue that they will suffer substantial hardship if discovery progresses and they are forced to expend significant time and resources engaging in individual and class discovery issues. (Doc. 24 at 9.) Conversely, Defendants assert, "the possible damage to Plaintiff from a temporary stay is minimal at this early stage of the proceedings, where no scheduling order has been entered; the initial case management conference before Magistrate Judge Thurston has yet to occur; there is no risk of any documents or evidence becoming unavailable by imposing a stay; Plaintiff's Complaint does not allege dire or irreparable injury warranting immediate action; and a trial in this matter will not occur until 2022 at the earliest per Section C of Judge Drozd's Standing Order In Light of Ongoing Judicial Emergency in the Eastern District of California." (Doc. 24 at 9.)

On the other hand, Plaintiff contends that she seeks to enforce important remedial statutes under the Insurance Code aimed to protect a large class of mostly elderly citizens and to prevent ongoing violations of these laws. (Doc. 24 at 15.) Plaintiff also argues that there is no special burden justifying a blanket stay here. (Doc. 24 at 16.) Furthermore, Plaintiff alleges that Defendants have not shown by clear and convincing evidence that it will prevail on the merits of its motion to dismiss. (Doc. 24 at 16.)

Additionally, Plaintiff asserts that the trustee in Plaintiff's bankruptcy action has abandoned any claim to this cause of action, and the creditors have been given proper notice and the abandonment is now irrevocable, vesting all rights to prosecute this claim to Plaintiff, as if the bankruptcy petition had never been filed. (Doc. 24 at 17.)

Plaintiff further alleges that "Defendant's contention that judicial estoppel bars this action is

4

far-fetched." (Doc. 24 at 17.) According to Plaintiff, at the time the bankruptcy was filed, the policy at issue was still in force; Plaintiff had no claim against Protective at that time, and in fact, Plaintiff was unaware of the potential for any cause of action until February 2020. (Doc. 24 at 17.)

The Court finds that Defendants' motion to stay discovery is premature. Both parties appear to ignore Federal Rule of Civil Procedure 26(d) which precludes parties from seeking discovery from any source before the parties have had their 26(f) conference. Fed. R. Civ. P. 26(d)(1). Plaintiff has previously served requests for production of documents (*see* Doc. 24-1), however, she cannot serve discovery under the Federal Rules of Civil Procedure until the parties have conferred 21 days before the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). The Court cannot evaluate the burden and proportionality of the discovery until discovery has opened. The Court therefore DENIES Defendants' motion to stay discovery as premature. This denial is without prejudice to Defendants later seeking a stay or protective order should any discovery requests be unduly burdensome or disproportionate to the needs of the case at this stage.

Due to the pending motion to dismiss, the Court continued the scheduling conference to November 16, 2020 to allow the pleadings to settle so the parties know exactly what discovery issues remain. (Doc. 22.) Accordingly, by operation of the Federal Rules of Civil Procedure, no discovery will be permitted before the parties have conferred 21 days before the scheduling conference. *See* Fed. R. Civ. P. 26(d)(1), (f)(1).

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to stay discovery (Doc. 13) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **August 26, 2020**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

5