UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and EMPIRE GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00530-NONE-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>(Doc. 34) |

On August 27, 2020, the Court denied Defendants' previous motion to stay discovery without prejudice. (Doc. 25.) On September 4, 2020, Defendants re-filed their motion to stay discovery. (Doc. 34). Plaintiff opposes the stay. (*See* Doc. 36 at 20-34.) For the reasons set forth below, Defendants' request for a stay is **GRANTED**.

**I.　　Relevant Background**

Plaintiff filed this lawsuit on April 13, 2020, asserting six claims for relief against the Defendants, which derive from a lapsed insurance policy on the life of Plaintiff's late husband, Danny Allen. (*See generally* Doc. 1). Plaintiff seeks to collect the death proceeds under the insurance policy as the beneficiary, among other damages. (*Id.*) Plaintiff also purports to be the representative of a class of individuals whose policies lapsed because of Defendants' alleged non-compliance with California Insurance Code Sections 10113.71 and 10113.72. (*Id.* at ¶¶ 37-51).

On May 4, 2020, the Court granted the parties' joint stipulation and provided Defendants additional time to respond to the complaint to June 22, 2020. (Doc. 9).

On May 6, 2020, Plaintiff served "Plaintiff Beverly Allen's Requests for Production of Documents to Defendant Protective Life Insurance Company," requesting various documents regarding the insurance policy, Protective's general insurance administration procedures, Protective's implementation and interpretation of California Insurance Code Sections 10113.71 and 10113.72, and other insureds within the purported class. (Doc. 36-1, Decl. of Nicholas J. Boos, at ¶ 2 and Exh. A).

On June 17, 2020, the parties conferred on case management and discovery issues in accordance with Fed. R. Civ. P. 26(f) and the Court's Order Setting Mandatory Scheduling Conference. (Doc. 3; Boos Decl., at ¶ 3). During this conference, in accordance with Fed. R. Civ. P. 26(d), the parties agreed that Plaintiff's discovery requests were deemed served on June 17, 2020. (*Id.*)

On June 22, 2020, Defendants filed a motion to dismiss. (Doc. 12). At the same time, Defendants filed a motion to stay discovery pending the Court's resolution of the following two dispositive and threshold challenges raised in their motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6): (1) Plaintiff lacks standing to prosecute the complaint because the asserted claims belong exclusively to her Chapter 7 bankruptcy estate; and (2) Plaintiff is estopped from pursuing the asserted claims because of her repeated representations to the bankruptcy court that the claims, and the insurance policy upon which they are based, do not exist. (*See* Doc. 13).

On August 27, 2020, the Court denied Defendants' motion to stay discovery without prejudice, noting that discovery is premature because the parties have not yet held the required Fed. R. Civ. P. 26(f) conference. (Doc. 25 at 5).

On September 4, 2020, Defendants re-filed their motion to stay discovery. (Doc. 34). In addition to re-asserting the grounds in their original motion to stay, Defendants contend in the instant motion that a discovery stay is also warranted because, even if Plaintiff could overcome Defendants' threshold challenges to the complaint, this case raises the same substantive legal issues presently on appeal before the California Supreme Court and the Ninth Circuit Court of Appeals (*i.e.* the retroactivity of the California Statutes), and any one of these appellate decisions will substantially guide—if not control—this Court's interpretation and application of the California Statutes.

1   Plaintiff disputes that a stay is warranted pending resolution of either Defendants' motion to
2 dismiss or the California Supreme Court / Ninth Circuit appeals. (Doc. 36 at 4).
3   The parties filed a joint statement regarding the discovery disagreement regarding the motion
4 to stay on September 25, 2020. (Doc. 36).

**II.     Legal Standards**

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id*. (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt.*

3

*Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

### III.  Discussion and Analysis

Defendants argue that a stay is warranted for two reason. (Doc. 36 at 4.) First, Defendants argue that a stay of discovery will promote efficiency and conserve resources pending the Court's ruling on the threshold and jurisdictional issues presented in Defendants' motion to dismiss. (*Id*.) Defendants contend that the motion to dismiss presents two independent grounds necessitating dismissal of the entire lawsuit: (1) Plaintiff lacks standing to prosecute the complaint because the asserted claims belong exclusively to her Chapter 7 bankruptcy estate; and (2) Plaintiff is estopped from pursuing the asserted claims on account of her repeated representations in sworn filings to the bankruptcy court that the claims, and the life insurance policy upon which they are based, do not exist. (*Id*.) Defendants assert that a ruling in Defendants' favor on either the issue of standing or judicial estoppel would dispose of this entire matter and no discovery is necessary for the resolution of these issues. (*Id*.)

Defendants assert that the Allens' bankruptcy court filings illustrating their nondisclosure of the insurance policy, and Plaintiff's alleged right to the policy proceeds are properly the subject of judicial notice, and thus, no additional discovery is necessary to decide either standing or judicial estoppel, and no additional discovery in this case would help Plaintiff oppose Defendants' motion to dismiss. (*Id*. at 8.) Defendants also assert that a stay will serve the interest of judicial economy. (*Id*. at 18-20.)

Defendants argue that they will suffer substantial hardship if discovery progresses and they are forced to expend significant time and resources engaging in individual and class discovery issues that are moot, as Plaintiff does not even own the claims she purports to bring and she is also judicially estopped from asserting them. (*Id*. at 10; 16-18.) Defendants argue that without a stay, Defendants will have to litigate whether the California statutes apply to life insurance policies that were issued before

2013, which will require significant resources, and *McHugh*, *Thomas*, or *Bentley* may well reject Plaintiff's retroactivity and "renewal principle" arguments or at least clarify the law. (*Id*. at 16-17.) Defendants also assert that because this is a proposed class action only magnifies these harms because Plaintiff will pursue class-wide discovery in preparation for a class-certification motion and defending against those efforts will force Defendants to spend considerable resources. (*Id*. at 17.)

Conversely, Defendants contend, the possible damage to Plaintiff from a temporary stay is minimal at this early stage of the proceedings, where no scheduling order has been entered; the initial case management conference before Magistrate Judge Thurston has yet to occur; there is no risk of any documents or evidence becoming unavailable by imposing a stay; Plaintiff's complaint does not allege dire or irreparable injury warranting immediate action; and a trial in this matter will not occur until 2022 at the earliest per Section C of Judge Drozd's Standing Order In Light of Ongoing Judicial Emergency in the Eastern District of California. (*Id*. at 10, 14-16.) In support of their argument that a stay will not harm Plaintiff, Defendants further argue that monetary recovery cannot serve as the foundation for denial of a stay, Plaintiff has not sought a temporary restraining order or preliminary injunction, this case is in its infancy and a stay may not cause any delay, and Defendants seek only a temporary stay, not an indefinite stay. (*Id*. at 14-16.)

Second, Defendants contend that even if Plaintiff could overcome Defendants' threshold challenges to the complaint, a stay of discovery is also warranted because this case raises the same substantive legal issues presently on appeal before the California Supreme Court in *McHugh v. Protective Life Insurance Company* and the Ninth Circuit Court of Appeals in *Thomas v. State Farm Insurance Co.* and *Bentley v. United of Omaha Life Insurance Co.*—namely, whether California Statutes apply retroactively to life insurance policies issued prior to the statutes' January 1, 2013 effective date. (*Id*. at 11.) Defendants allege that the outcome of any one of these pending appeals will substantially guide—if not control—this Court's interpretation and application of the California Statutes. (*Id*. at 5.) Defendants also note that federal courts in California have already stayed matters that raise the same issues concerning the California Statutes that this case raises. (*Id*. at 14.)

Plaintiff contends that this motion to stay discovery should be denied for largely the same reasons the motion to dismiss should be denied. (*Id*. at 20.) Plaintiff argues that Defendants have failed

5

to make the showing necessary to support a blanket stay. (*Id.*) According to Plaintiff, such a stay is particularly inappropriate where, as here, the plaintiff requests injunctive relief to stop violations of remedial statutes whose focus is vulnerable populations. (*Id.*) Plaintiff also asserts that the delay outweighs the supposed benefit. (*Id.*) Furthermore, Plaintiff contends that Defendants have not shown that the motion to dismiss will, in fact, dispose of the whole case. (*Id.*) Plaintiff also argues that Defendants' refusal to engage in discovery is particularly inappropriate given that Plaintiff has alleged that Defendant misled her and her husband concerning the actual status of the policy when Defendant was aware it was never legally terminated. (*Id.*)

Plaintiff contends that the balance of harms tips against a stay. (*Id.* at 24-26.) Plaintiff argues that the need for expeditious resolution of this matter affecting thousands of Californians is concrete. (*Id.* at 24.) Plaintiff asserts that the statutes are remedial in nature, and where the claims at issue are remedial and address an important public policy, especially for protected classes of persons, stays result in unacceptable levels of harm. (*Id.*) Plaintiff alleges that they seek to enforce important remedial statutes under the Insurance Code aimed to protect a large class of mostly elderly citizens and to prevent ongoing violations of these laws. (*Id.* at 25.) Plaintiff argues that a blanket stay of all discovery – which is essentially a de facto stay of the whole case – is highly disfavored in this context given the harm caused by leaving the status quo in place and permitting important rights and vulnerable people to suffer. (*Id.*) By comparison, Plaintiff asserts, any supposed burden on Defendants from denying the stay request will be slight. (*Id.*)

Plaintiff asserts that Defendants have not demonstrated a clear likelihood of success on its motion to dismiss. (*Id.* at 26-28.) Plaintiff also alleges that despite Defendants' contention to the contrary, the trustee in Allen's bankruptcy action has abandoned any claim to this cause of action, and it reverts to the debtor and stands as if no bankruptcy petition were filed. (*Id.* at 27.) Furthermore, Plaintiff argues that Defendants' contention that judicial estoppel bars this action is farfetched because at the time the bankruptcy was filed, the policy at issue was still in force, and Plaintiff had no claim against Protective at that time, and in fact, Plaintiff was unaware of the potential for any cause of action until February 2020. (*Id.*) Plaintiff also alleges that she did not and would not benefit in any way from failing to disclose this cause of action. (*Id.* at 28.)

Plaintiff asserts that Allen and the putative class would be damaged by a stay, specifically because in this case Plaintiff seeks to enforce important remedial statutes under the Insurance Code aimed to protect the elderly/disabled and to prevent ongoing violations of these laws by Protective. (*Id*. at 28-29.) Plaintiff also contends that where a plaintiff seeks injunctive relief as here, there is more than just a fair possibility of harm. (*Id*. at 29-30.) Plaintiff also alleges that the fact that this is a proposed class action further counsels against the stay. (*Id*. at 30.) Additionally, Plaintiff asserts that Protective faces no actionable hardship by proceeding. (*Id*. at 30-31.)

Plaintiff also contends that the pending appeals do not support a stay. (*Id*. at 31-33.) Plaintiff alleges that Defendants do not cite authority for a stay with so many contingencies. (*Id*. at 32.) Also, Plaintiff takes issue with the time it will take for these cases to resolve. (*Id*.) Plaintiff further argues that no pending matter will eliminate the need for this matter to proceed on its merits. (*Id*.) Finally, Plaintiff contends that this case presents several issues unique to this case that none of the appeals will consider. (*Id*. at 33.)

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Defendants request a stay based upon two independent grounds. (Doc. 34 at 2.) First, Defendants assert that a stay is warranted pending the Court's ruling on the issues raised in

Defendants' motion to dismiss. (*Id.*) Second, Defendants contend that a stay is also warranted because this case raises the same substantive issues that are presently on appeal before the California Supreme Court in *McHugh v. Protective Life Insurance Company* and the Ninth Circuit Court of Appeals in *Thomas v. State Farm Insurance Co.* and *Bentley v. United of Omaha Life Insurance Co.*—namely, whether California Insurance Code Sections 10113.71 and 10113.72 apply retroactively to life insurance. (*Id.*) In *McHugh v. Protective Life Insurance Company*, the California Supreme Court will decide whether the California Statutes apply retroactively to policies issued before 2013. (*See id.* at 3.) And in both *Thomas v. State Farm Insurance Co.* and *Bentley v. United of Omaha Life Insurance Co.*, the Ninth Circuit will decide whether the California Statutes apply if a policyholder makes a premium payment on or after the statutes' effective date. (*See id.*) Defendants assert that the outcome of any one of three pending appeals will substantially guide, if not control, this Court's interpretation and application of the California Statutes here. (*Id.*) The Court agrees with this contention and finds that a stay is warranted.

First, it is unlikely that Plaintiff will suffer any significant harm by a stay. As Defendants contend, the possible damage to Plaintiff from a temporary stay is minimal at this early stage of the proceedings, where no scheduling order has been entered, the initial case management conference has yet to occur, there is no risk of any documents or evidence becoming unavailable by imposing a stay, Plaintiff's complaint does not allege dire or irreparable injury warranting immediate action, and a trial in this matter will not occur until 2022 at the earliest. (Doc. 36 at 10.)

Nonetheless, Plaintiff argues that a stay would result in unacceptable harm because she is seeking to enforce a remedial statute aimed to protect a vulnerable population and to prevent ongoing violations of these laws by the defendant. (Doc. 36 at 24-25.) Plaintiff further asserts that she is seeking injunctive relief and is bringing a proposed class action, and a stay is disfavored in this context. (Doc. 36 at 20, 25.) However, Defendants seek only a temporary stay not an indefinite stay. (*Id.* at 16.) Moreover, as Defendant notes, Plaintiff has not sought a temporary restraining order or preliminary injunction. (*Id.* at 15.) Given the procedural posture, the Court agrees with Defendants that a temporary stay will not harm Plaintiff. *See Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (granting stay and reasoning that "this action is at an

early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision").

Second, the Court agrees with Defendants argument that they will suffer hardship if discovery progresses and they are forced to expend significant time and resources engaging in individual and class discovery issues that are moot. (*Id*. at 10, 16-17.) The California Supreme Court in *McHugh* and the Ninth Circuit in *Thomas* and *Bentley* will determine whether sections 10113.71 and 10113.72 apply to policies that were issued prior to January 1, 2013 – *i.e.*, Plaintiff's insurance policy and the proposed class' policies. Depending on either ruling, Plaintiff's claims might be rendered moot. Therefore, staying the case until a decision is issued will conserve the parties' resources by avoiding potentially unnecessary litigation.

Third, as Defendants note, a stay in this action will promote efficiency and conserve judicial resources. (Doc. 36 at 4, 10, 18-19.) Either the California Supreme Court or the Ninth Circuit is likely to rule in a way that will provide clarity and have an impact here, either by holding that sections 10113.71 and 10113.72 do or do not apply to policies that were issued prior to January 1, 2013.

Additionally, as cited by Defendants, other federal courts in California have stayed matters that raise the same issues concerning the statutes that this case raises. (Doc. 36 at 14, citing *Kroetz v. John Hancock Life Ins. Co. USA*, No. CV 20-02117-AB (RAOx), 2020 U.S. Dist. LEXIS 180347 (C.D. Cal. July 21, 2020) and *Kelley v. Colonial Penn Life Ins. Co.*, No. CV 20-3348 MWF-E, 2020 U.S. Dist. LEXIS 181731 (C.D. Cal. July 13, 2020)); (Doc. 37, citing *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2020 U.S. Dist. LEXIS 171542, at *1 (N.D. Cal. Sep. 17, 2020).) Accordingly, the Court, in its discretion, determines that a stay is appropriate until a decision in *McHugh*, *Thomas* or *Bentley* is issued.

///
///
///
///
///

### IV.     Conclusion

For the foregoing reasons, Defendants' motion to stay discovery (Doc. 34) is **GRANTED**. The parties are **ORDERED** to file a joint status report within **14 days** of the California Supreme Court's ruling in *McHugh* or the Ninth Circuit's ruling in *Thomas* or *Bentley*, whichever occurs first.

IT IS SO ORDERED.

Dated:     **October 2, 2020**              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE