UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALLEN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, a Tennessee Corporation; EMPIRE GENERAL LIFE INSURANCE COMPANY, an Alabama Corporation,<br><br>Defendants. | No. 1:20-cv-00530-JLT-BAK (BAM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>(Doc.75) |

**I.      INTRODUCTION**

Currently before the Court is Plaintiff Beverly Allen's Motion to Compel Discovery. (Doc. 75.) At issue is Plaintiff's pre-certification discovery of: (1) contact and certain policy information for putative class members (Interrogatories, Set One, Nos. 17, 19, 20 and 21); (2) compliance activities in response to the California Supreme Court's decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal.5th 213 (2021), (Requests for Production, Set One, Nos. 23-25) and (3) insurance reserve information, including reserve amounts for certain terminated policies (Requests for Production, Set One, Nos. 29-32). The parties filed a Joint Statement Re Discovery Disagreement on April 25, 2022. (Doc. 76.) Plaintiff filed a notice of supplemental authorities in

1

1  support of the motion to compel discovery.  (Doc. 81.)

2      The Court deemed the matter suitable for decision without oral argument, vacated the June 24, 2022 hearing date, and the matter is deemed submitted on the papers.  E.D. Cal. L.R. 230(g).  Having considered the parties' briefs and the record in this action, and for the reasons explained below, Plaintiff's motion to compel will be granted in part and denied in part.

**II.     RELEVANT BACKGROUND**

    Plaintiff filed this putative class action against Protective Life Insurance Company, which is the successor by merger to Empire General Life Assurance Corporation.  Plaintiff alleges that Defendant violated California Insurance Code §§ 10113.71 and 10113.72, both of which require proper notice of and grace periods for pending lapses or terminations of life insurance.

    On October 2, 2020, the Court issued a stay of discovery pending resolution of the California Supreme Court's decision in *McHugh v. Protective Life Insurance Company* or the Ninth Circuit Court of Appeals' decision in *Thomas v. State Farm Insurance Co.* and *Bentley v. United of Omaha Life Insurance Co.*  (Doc. 39.)

    On November 23, 2021, the Court issued a Scheduling Order and opened "all non-expert discovery pertaining to the class certification motion and to the merits, to the extent it overlaps with the class issues."  (Doc. 56 at 1.)  The Court also set the deadline to complete all non-expert discovery related to the motion for class certification as September 29, 2023, and the deadline to file a motion for class certification as April 7, 2023.  (Doc. 56.)

    On November 24, 2021, Plaintiff served Defendant with Interrogatories and Requests for Production of Documents (Set One).  Defendant served written responses and objections on January 24, 2022.  Thereafter, the parties met and conferred regarding Defendant's discovery responses.  Defendant agreed to supplement some responses, but not its responses to Interrogatory Nos. 17, 19, 20, and 21, and Requests for Production Nos. 23-25 and 29-32.

    On January 14, 2022, the Court lifted the stay of discovery following the California Supreme Court's decision in *McHugh* and the Ninth Circuit's decision in *Thomas*.  (Doc. 65.)

    On February 22, 2022, Defendant filed a motion for judgment on the pleadings, seeking dismissal of Plaintiff's claims for declaratory judgment under California and federal law (Counts

1  I and II, for violation of the California Unfair Competition Law (Count IV), and for bad faith
2  (Count VI). (Doc. 68.) The motion remains pending before the district court.
3      On April 25, 2022, Plaintiff filed the instant motion to compel, and the parties filed a Joint
4  Statement Re Discovery Disagreement. (Docs. 75, 76.)
5      On April 28, 2022, the Court held a Mid-Discovery Status Conference. The Court
6  provided the parties with preliminary input on the pending discovery motion and directed the
7  parties to further meet and confer in an effort to resolve or otherwise narrow the dispute. (Doc.
8  78.)
9      On May 16, 2022, the Court held a Status Conference to address the motion to the compel
10 and the parties' meet and confer efforts. The parties reported that they were unable to narrow the
11 issues presented in the motion to compel. (Doc. 80.)
12     On May 27, 2022, Plaintiff filed a Notice of Supplemental Authorities in support of the
13 motion to compel. (Doc. 81.)

### III.  LEGAL STANDARD

Broad discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* However, the Court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, any party may serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The grounds for objecting to an interrogatory must

be stated with specificity. Fed. R. Civ. P. 33(b)(4).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents, electronically stored information, or tangible things. Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id.* at 34(b)(2)(B).

### IV. DISCUSSION

#### A. Disputed Interrogatories – Nos. 17, 19-21

Plaintiff's disputed interrogatories seek contact information, the policy number and type, and face amount for the policies of putative class members. Defendant objects to these interrogatories on identical grounds.

**Plaintiff's Interrogatory No. 17**[1]
Please identify, by POLICY owner name, address, phone number, email address, POLICY type (i.e. group versus individual), all CLASS MEMBERS, including beneficiaries for POLICIES where the insured has died. This information should

---

[1] The relevant definitions are:

"CLASS MEMBER(S)" means all owners and beneficiaries of LIFE INSURANCE POLICIES that were lapsed or terminated due to non-payment of premium without first being given all of the following to both the policy owner and all individuals designated by the policy owner to receive the following notices: (1) written notice of and an actual 60-day grace period, (2) a 30-day notice of pending lapse and termination, and (3) an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium.

"LIFE INSURANCE POLICIES" "POLICY" and "POLICIES" mean any life insurance policy or policies or certificate of insurance sold, issued, delivered, reinstated, renewed, administered in/from, and/or converted in California, and which were in-force at any point on or after January 1, 2013. This definition includes policies for which YOU had a California address for the policy owner, or which YOU received premiums from an address in California. To avoid doubt, this definition is meant to be construed in the broadest possible sense and includes, among others, all life insurance policies and certificates of insurance, both individual and group, for which YOU were responsible at any point on or after January 1, 2013, even if you are not responsible for them today, and/or if you may not have originally sold, issued, or delivered them.

(Doc. 76 at 3.)

4

be provided in electronic format and specifically, in .CSV, .XLS, or other formal fully accessible Microsoft Excel.

Defendant's Response to Interrogatory No. 17
Responding Party objects to this Interrogatory on the grounds that the information sought is not within the scope of Federal Rule of Civil Procedure 26(b)(1) because it is not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects to this request on the ground that it seeks the identity and confidential personal information of individuals who are not parties to this lawsuit who have a reasonable expectation of privacy in their personal affairs.

**Plaintiff's Interrogatory No. 19**
For each POLICY identified in response to Interrogatory No. 17, identify any POLICIES, where YOU have notice or belief that the insured is deceased, including, but not limited to, any insureds identified in the Death Master File, and the date on which the insured died.

Defendant's Response to Interrogatory No. 19
Responding Party incorporates by reference its response to Interrogatory No. 17, above.

**Plaintiff's Interrogatory No. 20**
For each POLICY identified in response to Interrogatory No. 19, identify and provide all contact information for the name beneficiary or beneficiaries under the POLICY, whether and when the POLICY owner previously requested reinstatement of the POLICY, and whether and when a claim for benefits was made or rejected.

Defendant's Response to Interrogatory No. 20
Responding Party incorporates by reference its response to Interrogatory No. 17, above.

**Plaintiff's Interrogatory No. 21**
For each POLICY identified in response to Interrogatory No. 19, identify the total face amount of the benefits for those insurance POLICIES.

Defendant's Response to Interrogatory No. 21
Responding Party incorporates by reference its response to Interrogatory No. 17, above.

(Doc. 76 at 3-4.)

Plaintiff argues that Defendant should be compelled to provide relevant information regarding the putative class members' policies, including contact information and the face amounts of the policies. Plaintiff asserts that "the putative class members are witnesses who can confirm or deny that they received the statutorily required notices" and "can also confirm or deny, if necessary, the 'causation' (lack thereof) arguments Defendant argues are relevant." (Doc. 76 at 5.)

5

Defendant asserts that Plaintiff improperly seeks the putative class member contact information to identify additional class representatives, not to confirm or deny Defendant's arguments against class certification. (Doc. 76 at 8.) Defendant primarily argues that the information sought is not relevant to class certification based on Defendant's characterization of Plaintiff's theory of her case, *i.e.,* that Defendant failed to strictly comply with the statutes, which renders the lapse and termination of each policy within her purported class definition ineffective, and thus all policies remain in force and subject payment of benefit. (*Id.* at 11.) Defendant therefore contends that under this theory, Plaintiff does not need to know, prior to class certification, the identities of the policyholders who fall within her purported class definition. (*Id.*)

Courts in the Ninth Circuit, including in this district, routinely order pre-certification production of contact information for putative class members. *See*, *e.g.*, *Artis v. Deere & Co.,* 276 F.R.D. 348, 352 (N.D. Cal. 2011) (finding that plaintiff is entitled to the contact information of putative class members to substantiate class allegations and to meet the certification requirements under Rule 23); *Razo v. AT&T Mobility Servs*., LLC, No. 1:20-cv-172-NONE-HBK, 2021 WL 5989753, at *4 (E.D. Cal. Dec. 17, 2021) (finding discovery of the putative class members' contact information routinely allowed); *Barbosa v. Delta Packing Co. of Lodi*, No. 2:20-cv-1096-TLN-KJN, 2021 WL 5087278, at *3 (E.D. Cal. Nov. 2, 2021) (permitting pre-certification discovery of potential class member information); *Pitt v. Metropolitan Tower Life Ins. Co.*, 2021 WL 2453188, at *3 (S.D. Cal. June 16, 2021) (ordering pre-certification discovery of putative class members' names and contact information).

As Plaintiff points out, potential class members "are witnesses who can confirm or deny that they received the statutorily required notices" and "can also confirm or deny, if necessary, the 'causation' (lack thereof) arguments Defendant argues are relevant." (Doc. 76 at 5); s*ee Barbosa*, 2021 WL 5087278, at *3 ("Under Rule 23, plaintiffs' counsel must be permitted to explore whether the alleged classes are viable, and also must be able to investigate plaintiffs' own allegations through the interview of percipient witnesses."). Further, as Plaintiff notes, the Northern and the Southern Districts, in similar cases, have compelled responses to nearly

identical interrogatories and have required the defendant to produce information even if it would require a thorough review of the insurer's records to comply. *See Pitt*, 2021 WL 2453188, at *3; (Doc. 86 at Ex. A [*Siino v. Foresters Life Ins. and Annuity Co.*, No. 20-cv-02904-JST (Northern District)].)  Although Defendant reports that Plaintiff's counsel ultimately did not use any of the class contact information produced in discovery in those cases, that it not the standard for permissible discovery under Rule 26(b).  Accordingly, the Court will order Defendant to produce the requested class information.  However, balancing the need for information with the privacy interests of putative class members, the Court finds that such production shall be made pursuant to the Stipulated Protective Order (Doc. 11).  *See Pitt*, 2021 WL 2453188, at *3 (finding privacy interests of putative class members' names and contact information adequately protected under existing protective order).

## B. Disputed Requests for Production, Set One, Nos. 23-25

**Request for Production No. 23[2]**
All DOCUMENTS evidencing any form of COMMUNICATIONS, notices, or advisement between YOU and any current or past POLICY owners, beneficiaries, agents, assignees or others with interest concerning life insurance POLICIES which were terminated between January 1, 2013, and August 30, 2021, concerning the application of the STATUTES, arising from the California Supreme Court decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal.5th 213 (2021).

Response to No. 23
Responding Party objects to this Request on the grounds that it seeks information irrelevant and not proportional to the needs of the case because Responding Party's compliance activities in response to the California Supreme Court's decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021) has no bearing on any claim or defense. Responding Party further objects to this request on the grounds that it encompasses documents protected from disclosure by the

---

[2]   The relevant definition is as follows:

"DOCUMENT" and "DOCUMENTS" refer to all writings including, without limitation, all media on which information is stored or recorded including, but not limited to, writings, deeds, drawings, graphs, charts, maps, studies, photographs, phone records, memoranda, insurance policy, certificates of insurance, endorsements, manuals, claims file entries, log books, ledgers, handwritten notes, interoffice memoranda, papers, books, accounts, letters, computerized records, electronically stored images, e-mails, electronic mail entries, electronic diary entries, computer-generated or stored writings and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

(Doc. 76 at 14.)

attorney-client privilege and work product doctrine in that it seeks all documents "evidencing" any communications, notices, etc. between Protective and a host of third parties.

**Request for Production No. 24**
All DOCUMENTS evidencing any form of written notice utilized by YOU at any time between August 30, 2021, and the present to advise any of YOUR agents, employees, contractors, subsidiaries, officers and/or directors of the holding of the California Supreme Court decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021).

Response to No. 24
Responding Party objects to this Request on the grounds that it seeks information irrelevant and not proportional to the needs of the case because Responding Party's compliance activities in response to the California Supreme Court's decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021) has no bearing on any claim or defense. Responding Party further objects to the Request because it seeks information beyond the scope allowed by the Court's Scheduling Order. Responding Party also objects to this Request on the grounds that, even if the requested information was relevant and within the scope of discovery allowed by the Court's Scheduling Order, the Request encompasses documents protected from disclosure by the attorney-client privilege and work product doctrine in that it seeks documents "evidencing" other documents.

**Request for Production No. 25**
All DOCUMENTS reflecting any form of written notice of any kind provided to any reinsurer of any life insurance product potentially affected by the California Supreme Court decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021).

Response to No. 25
Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not proportional to the needs of the case because Responding Party's compliance activities in response to the California Supreme Court's decision in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021) has no bearing on any such claim or defense. Responding Party further objects to the Request because it seeks information beyond the scope allowed by the Court's Scheduling Order and beyond the scope allowed by Fed. R Civ. P. 26. Responding Party also objects to this Request on the grounds that, even if the requested information was relevant and within the scope of discovery allowed by the Court's Scheduling Order, the Request encompasses documents protected from disclosure by the attorney-client privilege, work product doctrine, and the common interest doctrine.

(Doc. 76 at 14-15.)

Plaintiff contends that Defendant's post-*McHugh* compliance is relevant because "in order for Defendant to prevail on defenses suggesting compliance with the Statutes, it would have to show when it actually started applying the Statutes to policies issued prior to January 1, 2013." (*Id.* at 15.) In short, Plaintiff argues that she is entitled to know whether Defendant has corrected its treatment of the class policies and the documentary evidence showing alleged

8

compliance. (*Id.* at 16.) Plaintiff avers that Defendant has been unequivocal that the statutes do not apply to pe-2013 policies. Additionally, Plaintiff asserts that this information "is also relevant to Defendant's potential liability whether it has made any claims or statements required to be made in its reinsurance contracts of the impact of *McHugh*…." (*Id.*.)

Defendant counters that Plaintiff is not entitled to the information because she lacks Article III standing to pursue injunctive relief. In its pending motion for judgment on the pleadings, Defendant reportedly asserts that Plaintiff lacks standing to seek injunctive relief because she claims Defendant improperly terminated the subject policy in 2018, shortly before her husband died, and there is no threat of Defendant improperly terminating her policy in the future. (*Id.*)

Setting aside the issue of standing, Defendant also argues that the requested information is "untethered to any claim or defense." (*Id.* at 17.) Defendant faults Plaintiff for failing to explain how the information—written notice of the *McHugh* decision to employees or reinsurers—has any bearing or relationship to Defendant's potential liability or putative class members. To the extent Plaintiff suggests that she seeks the information to confirm when Defendant began complying with the statutes, Defendant asserts that such requests are duplicative of interrogatories to which it has already provided responses.

The Court finds the information requested is not proportional to the needs of this case. At issue for certification is a putative class for which it is claimed that Defendant failed to provide "written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium." (Doc. 1, Compl. ¶ 29.) Thus, at its most basic level, the claims and defenses in this action are related to when and whether Defendant provided statutory notices.[3] Defendant's communications following the *McHugh* decision, beyond any statutory notices, are not relevant to a claim or defense and not proportional to the needs of this case at the pre-certification stage. This is particularly true for

---

[3]   Defendant avers that it has already responded to Plaintiff's interrogatories seeking to confirm when Defendant began complying with the statutes. (Doc. 76 at 17.)

communications concerning the *holding* in *McHugh* (No. 24) with employees and communications to any reinsurers.

C. Disputed Requests for Production, Nos. 29, 30, 31[4]

**Request for Production No. 29**[5]
All DOCUMENTS evidencing any reserve amounts for the LIFE INSURANCE POLICIES YOU terminated between January 1, 2013, and the date of the filing of this action for failure to pay premiums due and where the POLICY owner was not first provided all of the following: a 60-day grace period both in effect and in the written POLICY documents, a 30-day notice to both the POLICY owner and any designee, and annual notice of the right to designate a third party to receive a 30-day notice.

Response to No. 29
Responding Party objects to this Request on the grounds that it seeks information irrelevant to the claims and defenses in this case and not proportional to the needs of the case in that reserve amounts have no bearing on any claim or defense. California Insurance Code Section 10111 provides that "in life . . . insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Responding Party further objects to the Request because it seeks information beyond the scope allowed by the Court's Scheduling Order. Responding Party also objects this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine in that the Request seeks all documents "evidencing" reserve amounts.

**Request for Production No. 30**[6]

---

[4] Plaintiff does not address Request No. 32 in the Joint Statement.

[5] The following definitions apply:

"LIFE INSURANCE POLICY," "LIFE INSURANCE POLICIES," "POLICY," and "POLICIES" mean any life insurance policy or policies or certificate of insurance sold, issued, delivered, reinstated, renewed, administered in/from, and/or converted in California, and which were in force at any point on or after January 1, 2013. This definition includes POLICIES for which YOU had a California address for the POLICY owner, or for which YOU received premiums from an address in California. To avoid doubt, this definition is meant to be construed in the broadest possible sense and includes, among others, all life insurance and certificates of insurance, both individual and group, YOU were responsible for at any point on or after January 1, 2013, even if YOU are not responsible for them today, and/or if YOU may not have originally sold, issued, or delivered them.

(Doc. 76 at 18.)

[6] The following definition applies:

"MANUALS, PROTOCOLS, AND GUIDELINES" means anything intended in whole or in part to provide education or instructional information to employees that is in written form or stored electronically that provides a written or visual description or instruction of YOUR policies or procedures regarding the sale, maintenance, or administration of life

10

> All MANUALS, PROTOCOLS AND GUIDELINES relating to the methodology or formula used by YOU to determine the amount of reserves held by YOU for LIFE INSURANCE POLICIES.
>
> Response to No. 30
> Responding Party objects to this Request on the grounds that it seeks information irrelevant to the claims and defenses in this case and not proportional to the needs of the case in that Protective's actuarial reserving has no bearing on whether and how the Statutes apply to policies issued prior to January 1, 2013 or whether Protective breached any contract with Plaintiff or the putative class, or whether Plaintiff or the putative class has suffered damages. California Insurance Code Section 10111 provides that "in life . . . insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Responding Party further objects to this Request on the grounds that it seeks confidential and proprietary information. Responding Party also objects to this Request on the grounds that is not reasonably limited in scope as it encompasses information related to policies that are not the subject of any claim or defense. Responding Party also objects this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine in that the Request seeks all documents "relating" to Protective's methodology used to determine reserves.
>
> **Request for Production No. 31**
> All MANUALS, PROTOCOLS AND GUIDELINES relating to the methodology or formula used by YOU to determine when reserves are released as a result of the lapse or termination of LIFE INSURANCE POLICIES.
>
> Response to No. 31
> Responding Party objects to this Request on the grounds that it seeks information irrelevant to the claims and defenses in this case and not proportional to the needs of the case in that Protective's methodology or formula used to calculate reserves has no bearing on whether and how the Statutes apply to policies issued prior to January 1, 2013 or whether Protective breached any contract with Plaintiff or the putative class, or whether Plaintiff or the putative class has suffered damages. California Insurance Code Section 10111 provides that "in life . . . insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Responding Party further objects to this Request on the grounds that it seeks confidential and proprietary information. Responding Party also objects to this Request on the grounds that is not reasonably limited in scope as it encompasses information related to policies that are not the subject of any claim or defense. Responding Party also objects this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine in that the Request seeks all documents "relating" to Protective's methodology used to determine reserves.

(Doc. 76 at 18-20.)

---

> insurance products. This is intended to include all materials required by the California Insurance Code and Regulations.

(Doc. 76 at 19.)

11

Plaintiff asserts that the information sought relates to potential damages and focuses on mandatory reserve amounts of policies Defendant terminated without first complying with the statutory notice provisions. Plaintiff suggests that the reserve amounts may serve as a basis for damages for class members still living. (*Id.* at 20.)

Defendant counters that these requests seek information that have no bearing on class certification issues or Plaintiff's individual claims. To the extent Plaintiff is asserting that reserve amounts can serve as a proper basis for calculating alleged damages of class member who are still living, Defendant notes that such an argument has been rejected in *Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157 (N.D. Cal. 2022).

The Court finds that the insurance reserve information sought by Plaintiff at the pre-certification is not proportional to the needs of the case. California law provides that "in life ... insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Cal. Ins. Code § 10111. As in *Siino*, Plaintiff fails to explain how using reserve values to measure damages aligns with California law. 240 F.R.D. at 166 ("California law limits breach damages to the monetary benefits each policy guarantees – often, that will be limited to the death benefit."). The Court does not find persuasive the case primarily relied upon by Plaintiff, *Caminetti v. Pacific Mut. Life Ins.*, 23 Cal.2d 94, 102, 142 P.2d 741 (1943). That case dealt with damages following an insurance provider's insolvency. Here, valuing damages is not dependent upon the reserves as Defendant is not in insolvency.

**V.     Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel is granted in part and denied in part;
2. Plaintiff's motion to compel further responses to Interrogatories Nos. 17, 19-21 is GRANTED;
3. **Within thirty (30) days**, Defendant is ordered to produce the requested class information in response to Interrogatories Nos. 17, 19-21, as CONFIDENTIAL pursuant to the Stipulated Protective Order (Doc. 11).

4. Plaintiff's motion to compel further responses to Requests for Production, Set One, Nos. 23-25, is DENIED; and

5. Plaintiff's motion to compel further responses to Requests for Production, Set One Nos. 29-32, is DENIED.

IT IS SO ORDERED.

Dated: **June 23, 2022**              /s/ *Barbara A. McAuliffe*  
                                     UNITED STATES MAGISTRATE JUDGE