UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BEVERLY ALLEN,<br><br>           Plaintiff,<br><br>    v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, et al.,<br><br>           Defendants. | Case No. 1:20-cv-00530-JLT-CDB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>(Doc. 102)<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION TO CERTIFY CLASS** |
|---|---|

Pending before the Court is the motion of Defendants Protective Life Insurance Company and Empire General Life Assurance Corporation to stay proceedings in this action, filed October 16, 2023, pending anticipated rulings of the Ninth Circuit Court of Appeals in two unrelated putative class action cases. (Doc. 102). Plaintiff Beverly Allen filed an opposition on October 30, 2023 (Doc. 104) and Defendants replied on November 9, 2023 (Doc. 105). Defendants subsequently filed notices of supplemental authority. (Docs. 106, 108, 109).

**I.    Background**

Plaintiff Beverly Allen ("Plaintiff") filed this lawsuit on April 13, 2020, asserting six claims for relief against Defendants Protective Life Insurance Company and Empire General Life Insurance Company ("Defendants"). (Doc. 1). Plaintiff seeks to collect the death proceeds of her late husband, Danny Allen, as the beneficiary of his life insurance policy. *Id*. at 3. Plaintiff further seeks to represent a class of individuals whose life insurance policies were improperly lapsed due to Defendants' alleged non-compliance with California Insurance Code §§ 10113.71 and 10113.72. *Id*. at ¶¶ 37-51.

On October 2, 2020, the Court granted Defendants' first motion to stay. (Doc. 39). The

Court found that a stay of this action was appropriate in part because the question of whether California Insurance Code §§ 10113.71 and 10113.72 applies retroactively to life insurance policies issued prior to 2013 was a live issue in this lawsuit that would be addressed by cases then pending before the California Supreme Court and the Ninth Circuit. *Id.* p. 8.

On January 14, 2022, the Court lifted the stay, finding that the California Supreme Court's opinion in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213 (2021) resolved the legal dispute as to whether §§ 10113.71 and 10113.72 applied retroactively. (Doc. 65 pp. 2-3). Defendants had opposed lifting the stay since another unsettled question remained — whether a policyholder must prove causation and damages as a prerequisite to recovery against an insurer for alleged violations of the statutes. *Id*. at 3. They argued that the Ninth Circuit's ruling in *Thomas v. State Farm Life Ins. Co.*, 2021 WL 4596286 (9th Cir. Oct. 6, 2021), had not definitively answered that question.

The Court rejected Defendants' request to maintain the stay, reasoning that the issue presented in *Thomas* was not the basis of Defendants' initial request for the stay. (Doc. 65 p. 3). The Court further found that Defendants had not demonstrated the extent of prejudice that would result if the stay were not reimposed. *Id*. at 4 (citing *Farley v. Lincoln Benefit Life Co.*, No. 2:20-cv-02485-KJM-DB (Sep. 24, 2021) (Doc. 19); *Holland-Hewitt v. Allstate Life Ins. Co.*, No 1:20-cv-00652-DAD-SAB (Oct. 21, 2021) (Doc. 34)).

Thereafter, the parties proceeded with discovery relevant to Plaintiff's motion for class certification, which is now fully briefed as of October 11, 2023. (Docs. 92, 97, 98, 101). Plaintiff moves for the certification of two classes, defined follows:

**The Class:**

> All vested owners and beneficiaries of life insurance policies issued or delivered by Defendant in California, and which, after January 1, 2013, were lapsed or terminated for nonpayment of premium without Defendant first providing all the protections required by Insurance Code Sections 10113.71 and 10113.72.

///
///

**The Elder Abuse Sub-Class:**

> All members of the Class defined above who were also 65 years or older at the time the policy lapsed or terminated.

(Doc. 92 p. 2). Shortly after briefing was complete, Defendants' filed the instant motion to stay. (Doc. 102). The gravamen of Defendants' motion parallels its prior opposition to reopening discovery. Specifically, Defendants argue that *McHugh* has not answered whether an insurer's failure to comply with §§ 10113.71 and 10113.72 amounts to an injury that entitles a policy owner or beneficiary to relief. (Doc. 102 p. 1). Defendants argue that after the California Supreme Court declined to address whether the verdict in *McHugh* was correct, the lower appellate court was directed to determine the verdict's correctness on remand. *See McHugh*, 12 Cal. 5th at 246 n.10. The California Court of Appeal, in a non-binding decision, found no error in instructing the jury that in addition to bearing the burden of proof that the life insurance contract was breached, plaintiffs also bore the burden of proving that they were harmed by the breach. *McHugh v. Protective Life Ins.*, 2022 WL 6299640, at *9 (Cal. Ct. App. Oct. 10, 2022).

    Following this Court's earlier order lifting the initial stay, numerous district courts in this circuit have addressed the propriety of certifying a class of individuals alleging their insurance company failed to comply with §§ 10113.71 and 10113.72 and have reached different results. *See, e.g.*, *Moreland v. Prudential Ins. Co. of Am.*, No. 20-cv-04336-RS, 2023 WL 6450421, at *6 (N.D. Cal. Sept. 29, 2023) (denying class certification); *Poe v. Nw. Mut. Life Ins. Co.*, No 8:21-cv-02065-SPG-E, 2023 WL 5251875, at * 9 (C.D. Cal. Aug. 14, 2023) (denying class certification); *Steen v. Am. Nat'l Ins. Co.*, No. 2:20-cv-1226-ODW (SKx), 2023 WL 4004192, at *14 (C.D. Cal. June 14, 2023) (denying class certification); *Small v. Allianz Life Ins. No. of N. Am.*, No. CV 20-01944 TJH (KESx), 2023 WL 4042593, at *4 (C.D. Cal. May 23, 2023) (granting class certification); *Farley v. Lincoln Benefit Life Co.*, 2:20-cv-02485-KJM-DB, 2023 WL 3007413, at *9 (E.D. Cal. Apr. 18, 2023) (granting class certification).

    On September 28 and 29, 2023, the Ninth Circuit granted the plaintiffs' petitions for permission to appeal the grant of class certification in both *Small* and *Farley*, respectively. Defendants argue that since this case implicates the same issues as those to be addressed by the

Ninth Circuit in these appeals, the Court should reimpose a stay in this action until those questions are resolved.

## II.     Standard of Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be warranted in deference to ongoing, parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112.

## III.    Discussion

**1.     Whether Damage is Likely to Result from Issuing a Stay.**

Defendants argue that Plaintiff would suffer minimal harm from a stay and that, since Plaintiff seeks only monetary damages, she does not make a strong showing that irreparable harm is soon to follow. *See CMAX,* 300 F.2d at 269. Plaintiff argues that she seeks to enforce

4

important remedial statutes under the Insurance Code aimed at protecting the elderly or disabled. (Doc. 104 p. 4).

Where claims are remedial in nature and address an important public policy, especially policies for protected classes of persons, a stay may result in unacceptable levels of harm. *See Leyva*, 593 F.2d 857 at 864 (remanding a stay decision for the district court to consider the "urgent nature of the statutory right"). Here, however, the mere fact that Plaintiff seeks to represent a class of vulnerable and elderly individuals does not materially heighten the exigency of the action – particularly where Plaintiff could have, but has not, sought a temporary restraining order or preliminary injunctive relief. *See Holland-Hewitt v. Allstate Life Ins. Co.*, No. 1:20-cv-00652-DAD-SAB, 2021 WL 2577023, at *5 (E.D. Cal. June 23, 2021). The Court agrees with a sister court that the possible harm from issuing a stay in this case is reduced because the declaratory relief plaintiff seeks on behalf of the class "would be the same and have the same effect if awarded now or in a year." *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2023 WL 7597464, at *4 (N.D. Cal. Nov. 13, 2023). In this case, although Plaintiff requests that the Court enjoin Defendants from their ongoing violations of the California statutes (Doc. 1 p. 28), the complaint does not seek a preliminary injunction. *See* (Doc. 1-2 pp. 1-2). *See also*, (Doc. 39 p. 8) (citing *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014)).

Although the putative class Plaintiff seeks to represent includes vulnerable members of society, the factual predicate of her claims is distinguishable from the case on which she relies for support where a court declined to stay the action (*Takiguchi v. MRI Int'l Inc.*, No. 2:13-cv-01183-HDM-VCF, 2015 WL 5795807 (D. Nev. Oct. 2, 2015)). While the plaintiffs in *Takiguchi*, like some members of the putative class here, were elderly and retired persons, the court there was confronted by numerous other variables that warranted a stay. Many of the class members had invested their life savings in an allegedly fraudulent investment scheme, certain defendants were outside the United States, and parallel proceedings at issue included a complex criminal case that was not set for trial. *Id*. at *2. The risk of prejudice was heightened where the alternative of litigating the claims in Japan would be burdensome given that country's lack of a class action

5

mechanism. *Id*. at *3.  Those factors are not present here.

Plaintiff's reliance on *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), also is unpersuasive as the class members in that case were largely infirm, disabled *and* poor.  *Id.* at 1437.  The Court there found that the retroactive payment of benefits at issue would not so easily correct harm that the class members endured given record evidence of actual physical and emotional suffering by the class. *Id*.  Here, while certain class members may be suffering similar hardships, the Court has no evidence before it to make such a conclusion.

Plaintiffs' reliance on *Lathrop v. Uber Technologies*, No. 14-cv-0567-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) also is inapposite. In *Lathrop*, the Court found that plaintiffs in a putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate."  In contrast here, Plaintiff's motion for class certification represents that nearly all important factual and legal issues common to the class members already are known.  (Doc. 92-1 pp. 17-18).  Thus, Plaintiff argues that the assessment of Defendant's behavior "requires a single analysis of The Statutes which will, in turn, determine the outcome of every class member's claim by simply looking at a single data spreadsheet" and that "[a]ll the affected policies can, and already have been, identified on a sortable Excel spreadsheet created through Defendant's records."  *Id*. at 8, 18.  Accordingly, a stay of this action would not increase the risk that evidence dissipates.

Separately, a stay in this action would not be indefinite.  Based on the Court's review of the docket, the appellate briefing in the *Farley* case is scheduled to be complete by early-March 2024.  The Court is cognizant that this action previously was stayed for approximately two years under similar circumstances pending the outcome of the *McHugh* action.  *Compare* (Doc. 39 *with* 65).  However, given the divergence in rulings among district courts in the Circuit following the issuance of *McHugh* and *Thomas*, unsettled questions of law relevant to this case remain.  The future course of litigation in this case would benefit greatly by the Ninth Circuit's guidance in either *Farley* or *Small*.

In sum, the first *Landis* factor weighs in favor of a stay.

6

**2.      Whether a Party Would Suffer Hardship or Inequity Absent a Stay.**

Defendants argue that declining to stay this case would expose them to great harm, including through litigation of issues that a forthcoming appellate court decision could impact. *E.g.*, *Smith v. Experian Info. Sols. Inc.*, No. SACV 17-00629-CJC(AFMx), 2018 WL 1427162, at *3 (C.D. Cal. Jan. 19, 2018) ("Without a stay, the parties will be compelled to expend significant resources litigating issues that may have to be revisited after the Ninth Circuit issues its decision"). While Defendants further assert that, absent a stay, they would be burdened by expending significant resources in discovery, Plaintiff correctly counters that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112.

Nevertheless, the Ninth Circuit's anticipated rulings will have a direct impact in the pending motion for class certification and future course of discovery. *See e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023) ("Wilco does not argue that simply defending the suit constitutes hardship; rather, it argues that both parties, in the absence of a stay, may be required to unnecessarily expend time and resources, particularly if a class is certified. California courts have recognized such 'wasted' effort constitutes hardship under *Landis*"); *Phan*, 2023 WL 7597464, at *4 (finding that without stay "the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot by a decision in either *Farley* or *Small*").

In sum, the second *Landis* factor favors a stay, as there is a tangible risk of inconsistent judgments and duplicative efforts if the action proceeds.

**3.      Whether a Stay Would Promote Judicial Economy.**

The third *Landis* factor requires the Court to consider whether a stay will promote "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.3d at 268.

In her motion for class certification, Plaintiff argues that the decisions in *Farley* and *Small* are instructive as Defendants' noncompliance with the applicable statutes created the "same injury" for all class members. (Doc. 92-1). As these same matters currently are pending appeal,

7

the Court finds that a stay would be efficient for its own docket, not only for the resolution of Plaintiff's pending motion for class certification, but also for all subsequent and related proceedings should the class be certified. The courts in *Grundstrom* and *Phan* both concluded that a stay was appropriate under similar circumstances, and the Court finds the reasoning of those decisions to be persuasive. *Grundstrom*, 2023 WL 8429789, at *6; *Phan*, 2023 WL 7597464, at *5.

### IV. Conclusion and Order

After balancing the potential harm and inequity presented by staying this action against the competing equities of hardship imposed and judicial economy, the Court finds good cause exists to grant Defendants' motion to stay pending resolution by the Ninth Circuit Court of Appeals of important and potentially dispositive issues germane to this case.

For the reasons set forth above, Defendants' motion to stay (Doc. 102) is GRANTED.

This action is HEREBY STAYED pending issuance of an opinion by the Ninth Circuit Court of Appeals in the *Farley* and/or *Small* actions. If no determinative decision is rendered in *Farley* and/or *Small* within one year of the date of this Order, Plaintiff may seek relief through a motion to lift stay.

No later than 14 days following the issuance of such opinion(s), the parties SHALL FILE a joint status report in which they set forth their positions on whether the stay in this case should be lifted.

The hearing on Plaintiff's motion to certify class set for December 18, 2023 (Doc. 91) is HEREBY VACATED.

IT IS SO ORDERED.

Dated: **December 12, 2023**

UNITED STATES MAGISTRATE JUDGE