UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALLEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00530-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 121) |

Plaintiff Beverly Allen ("Plaintiff") initiated this action with the filing of a class action complaint against Defendants Protective Life Insurance Company and Empire General Life Insurance Company ("Defendants") on April 13, 2020. (Doc. 1). On December 10, 2025, the parties filed a jointly executed stipulated dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims. (Doc. 121).

The stipulated dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and Plaintiff is entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, the parties seek to dismiss the individual claims with prejudice and the claims of the putative class without prejudice. (Doc. 121 at 3). No class has been certified in this action nor is there a class proposed to be certified for purposes of settlement. *Id.*; *see* (Doc. 1, 110). Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the parties' stipulation to dismiss the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims, with each party to bear that party's own attorney's fees and costs except as otherwise provided by the parties' settlement agreement.

IT IS SO ORDERED.

Dated: **December 11, 2025**

UNITED STATES MAGISTRATE JUDGE